UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV99-3621-GHK (JCx) | Date | August 24, 2015 |
|---|---|---|---|
| Title | United States of America v. Thomas A. Jones | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff/Judgment Creditor: | Attorney Present for Defendant/Judgment Debtor: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) ORDER SUBMITTING, VACATING HEARING ON, AND DENYING MOTION WITHOUT PREJUDICE

    Pending before the Court and noticed of hearing on September 1, 2015 at 9:30 a.m., is the motion of Plaintiff/Judgment Creditor to set aside agreed stipulations during debtor's exam ("Motion"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion appropriate for decision without oral argument. The hearing calendared for September 1, 2015 is hereby vacated and the matter taken off calendar.

    The Motion essentially recites that on July 14, 2015, the parties entered into a stipulation in open court to the effect that Plaintiff/Judgment Creditor would not pursue any course of action against Defendant/Judgment Debtor, such as wage garnishments, so long as financial documents of the Defendant/Judgment Debtor were provided to Plaintiff/Judgment Creditor within a reasonable period of time. The Motion further essentially indicates that the Defendant/Judgment Debtor has not provided the documents in issue within a reasonable period of time.

    First, Plaintiff/Judgment Creditor provides no evidence that any such agreement/stipulation was made, let alone the precise terms thereof. Nor is it clear whether the Court itself approved such stipulation. The minutes of the July 14, 2015 proceedings do not reflect the entry of such a stipulation. No transcript or other evidentiary support for the existence of the entry of such a stipulation has been provided. Indeed, the email attached to the Motion reflects that counsel disagree as to the existence of such a stipulation.

    Second, if such agreement with the terms specified in the Motion exists, and if, as the Motion also suggests, the Defendant/Judgment Debtor has not supplied the financial documents in issue as of August 11, 2015, and does not intend to do so, then it is unclear to the Court why a Court order setting aside the agreement/stipulation is necessary in order for Plaintiff/Judgment Creditor to take the further enforcement action it now apparently wishes to take.

    In any event, on this record, the Motion is denied without prejudice.

    IT IS SO ORDERED.                                                                             Initials of Deputy Clerk: hr